FILED
BRADFORD L. BOLTON
CLERK

2003 DEC -8 PM 3: 11

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO
B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| PAUL ADAM WEXLER ) | |
| JENINE RENEE WEXLER ) | Case No. 03-27669 SBB |
| ) | |
| SSN 553-47- ) | Chapter 7 |
| SSN 551-67- ) | |
| Debtors. ) | |

| | |
|---|---|
| DESIGN DRYWALL SPECIALTIES, INC. ) | |
| ) | Adversary Case No. |
| Plaintiff, ) | |
| ) | 03-2100--EEB |
| v. ) | |
| ) | |
| PAUL ADAM WEXLER ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO DETERMINE DEBT AND DISCHARGEABILITY
## OF DEBT AND OBJECTION TO DEBTORS' DISCHARGE

Plaintiff-Creditor Design Drywall Specialties, Inc. (hereinafter referred to as Plaintiff Design), pursuant to 11 U.S.C. Section 523, submits the following Complaint to Determine Dischargeability and Objection to Debtors' Discharge of the debts owed to Plaintiff Design as follows:

### STATEMENT OF JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. Section 157(b)(2) and 11 U.S.C. Section 1334.

2. Plaintiff Design is a creditor and therefore has standing to bring this action pursuant to 11 U.S.C. Section 523.

3. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. Section 157(b).

## COMPLAINT TO DETERMINE DISCHARGEABILITY
## PURSUANT TO 11 U.S.C. SECTION 523

### FACTUAL ALLEGATIONS

4. Plaintiff Design incorporates by this reference the jurisdictional statements set forth above.

5. Plaintiff Design Drywall Specialties, Inc. is a Colorado corporation with its principal place of business at 7290 South Fraser Street, Englewood, Colorado 80155.

6. Defendant Paul Adam Wexler is an individual doing business as Paul Adam Custom Homes, LLC who resides at 1947 Harbor View Circle, Weston, FL 33327-1342 and was the principal contractor for the construction of the improvements on the Subject Properties. (Hereinafter referred to as "Defendant Wexler").

7. Plaintiff Design entered into an agreement with Defendant Wexler, whereby Defendant Wexler agreed to pay for all labor, materials, supplies and goods provided to or at the request of Paul Adam Wexler by Plaintiff Design.

8. In accordance with the agreement between Plaintiff Design and Defendant Wexler, Plaintiff Design provided said labor, materials, supplies and goods to and at the request of Defendant Wexler.

9. Upon information and belief, the labor, materials, supplies and goods provided by Plaintiff Design to Defendant Wexler were utilized by Defendant Wexler to benefit the following properties (hereinafter referred to as the "Properties"):

| ADDRESS | AMOUNT |
| --- | --- |
| 10351 Devonshire | $5,987.00 |
| 18637 Harbor Drive | $5,497.00 |
| 15314 E. 99th Avenue | $5,078.00 |
| 10354 Dahlia | $5,178.00 |
| 10374 Dahlia | $6,876.00 |
| 6337 E. Mineral Drive | $1,900.00 |
| 18645 Harvard Drive | $5,987.00 |
| 19454 E. La Salle | $5,318.00 |
| 19532 E. La Salle Place | $5,473.00 |
| 18637 E. Harvard Drive | $ 200.00 |
| 18561 Harbor | $ 100.00 |
| 18655 Harbor | $ 90.00 |
| 2590 Halifax | $ 100.00 |
| 3829 Elkhart | $ 200.00 |

| Address | Amount |
|---|---|
| 19966 Vassar Avenue | $ 85.00 |
| 5173 Frasier | $ 135.00 |
| 15344 E. 99th Avenue | $ 150.00 |
| 15424 E. 99th Avenue | $ 50.00 |
| 2616 Ensenada | $ 260.00 |
| 2594 Ensenada | $ 50.00 |
| 2858 Ensenada | $ 90.00 |
| 19456 LaSalle Place | $ 100.00 |
| 19487 LaSalle Place | $ 200.00 |
| 19512 LaSalle Place | $ 340.00 |
| 18647 Harvard | $ 400.00 |
| 18627 Harvard | $ 75.00 |
| 18636 Harvard | $ 75.00 |
| 18615 Harvard | $ 400.00 |
| 18561 Harvard | $ 200.00 |
| 18675 Harvard Drive | $ 345.00 |
| 18657 E. Harvard Drive | $ 45.00 |
| 18667 Harvard Drive | $ 25.00 |
| Total | $51,009.0 |

10. Upon information and belief, Defendant Wexler received monies for the work done and materials, supplies and goods which were installed at the properties but failed to pay Plaintiff Design for such labor, materials, supplies and goods in violation of §38-22-127, C.R.S.

11. Upon information and belief, Defendant Wexler failed to pay over to Plaintiff Design the total amount due it for the labor, materials, supplies and goods it provided to Defendant Wexler which were installed at the Property.

12. Defendant Wexler was owner of Paul Adam Custom Homes, LLC and is personally liable for his failure to pay over the trust funds to Plaintiff Design.

### FIRST CLAIM FOR RELIEF

13. Plaintiff Design incorporates by this reference the jurisdictional statements and factual allegations outlined above.

14. Upon information and belief, Defendant Wexler failed to cause funds received by him and Paul Adams Custom Homes, LLC from the Properties to be paid to Design for the materials, supplies and goods it furnished for the Properties as provided by §38-22-127, C.R.S.

15. Section 38-22-127, C.R.S. creates an express trust for the benefit of the property owner and materials supplier. In re Western Urethanes, Inc., 61 B.R. 243 (Bnkrptcy D. Colo.

1986). Defendant Wexler acted in a fiduciary capacity with regard to the funds obtained from the Property owners on behalf of Plaintiff Design.

16. Upon information and belief, Defendant Wexler committed defalcation toward the Plaintiff Design while acting in a fiduciary capacity. He failed to account for the funds he received from the Property purchasers or construction loan while he was acting in a fiduciary capacity. Defendant Wexler' misconduct, while acting in a fiduciary capacity, has resulted in damage to Plaintiff Design.

17. Upon information and belief, Defendant Wexler received money from the Property purchasers or construction loan to be held in trust for Plaintiff Design. Defendant Wexler received money from the purchasers or construction loan, described above, to be held in trust for work to be done on the properties. He received the money on the condition that it be paid to laborers and materials suppliers, such as Plaintiff, pursuant to the trust created by §38-22-127, C.R.S. Plaintiff Design never received the money held in trust for it by Defendant Wexler.

18. As a result of Defendant Wexler's defalcation while acting in a fiduciary capacity, the debt owed to Plaintiff Design is non-dischargeable pursuant to the provisions of 11 U.S.C. Section 523(a)(4).

19. Plaintiff Design has been damaged in an amount of not less than $51,009.00, together with interest and attorneys' fees as the result of Defendant Wexler's defalcation while acting in a fiduciary capacity.

20. All conditions precedent to the maintenance of this action have been performed or have occurred.

## SECOND CLAIM FOR RELIEF

21. Plaintiff Design incorporates by this reference the jurisdictional statements and allegations outlined above.

22. The funds paid to Defendant Wexler in connection with the Property by the property purchasers or construction loan are trust funds pursuant to §38-22-127, C.R.S.

23. Defendant Wexler is personally liable for the actions of Paul Adams Custom Homes, LLC because he was owner of Paul Adams Custom Homes, LLC who exercised control and directed the use of the trust funds. See <u>Alexander Company v. Packard</u>, 754 P.2d 780 (Colo. App. 1988).

24. Upon information and belief, Defendant Wexler failed to cause the funds to be paid to Plaintiff Design as required by Colorado law, and Plaintiff Design is entitled to the sum of $51,009.00, together with treble damages and attorneys' fees pursuant to §18-4-405, C.R.S.

25. As a result of Defendant Wexler's failure to pay the funds he received from the Property purchasers or construction loan, he has committed defalcation toward the Plaintiff Design while acting in a fiduciary capacity. The debt owed to Plaintiff Design should not be discharged pursuant to 11 U.S.C. Section 523(a)(4)

26. All conditions precedent to the maintenance of this action have been performed or have occurred.

### THIRD CLAIM FOR RELIEF

27. Plaintiff Design incorporates by this reference the jurisdictional statements and allegations outlined above.

28. The debt owed to Plaintiff Design is not dischargeable in bankruptcy pursuant to 11 U.S.C. Section 523(a)(6).

29. Section 38-22-127, C.R.S. holds that "any person who violates the provisions of (1) and (2) of this section commits theft, as defined in §18-4-401, C.R.S." Defendant Wexler fraudulently appropriated property that had been entrusted to him for the benefit of Plaintiff Design. In re Wallace, 840 F.2d 762, 765 (10th Cir. 1988).

30. Defendant Wexler's failure to pay over the funds it received in trust from the Property owners for the benefit of Plaintiff Design constitutes conversion.

31. Conversion constitutes theft under §18-4-401, C.R.S.

32. Upon information and belief, Defendant Wexler intentionally and voluntarily withheld the trust funds from Plaintiff Design, knowing that Plaintiff Design would be damaged by his actions.

33. Plaintiff Design, as a result of Defendant Wexler's defalcation of fiduciary duty and theft, has suffered a willful and malicious injury caused by Defendant Wexler's actions.

34. Plaintiff Design is entitled to have this Court determine that the debt owed by Defendant Wexler not be discharged.

35. The debt owed to Plaintiff Design should not be discharged pursuant to 11 U.S.C. Section 523(a)(6).

36. All conditions precedent to the maintenance of this action have been performed or have occurred.

WHEREFORE, Plaintiff Design Drywall Specialties, Inc. requests:

1. That this Court determine pursuant to 11 U.S.C. Sections 523(a)(4) and (6) that the debt owed to Plaintiff Design Drywall Specialties, Inc. in an amount to be determined at trial, together with interest, attorneys' fees and treble damages for the trust fund violation, is not dischargeable in bankruptcy;

2. That judgment enter in Design's favor and against Defendant Paul Adam Wexler, in an amount to be determined at trial together with interest thereon at the highest rate permitted by applicable law; and

3. For such other and further relief as this Court deems just and proper.

DATED this 8th day of December, 2003.

Respectfully submitted,

ARNOLD & ARNOLD, LLP
Attorneys at Law

By /s/ Terry Ehrlich
TERRY EHRLICH, #13213
Attorneys for Plaintiff-Creditor Design
7596 West Jewell Avenue, Suite 305
Lakewood, Colorado 80232
(720) 962-6010


Address of Plaintiff:

7290 South Fraser Street
Englewood, Colorado 80155

| Adversary Proceeding Cover Sheet (Instructions on Reverse) | Adversary Proceeding Number (Court Use Only) |
|---|---|
| Plaintiffs Design Drywall Specialties, Inc. | Defendants Paul Adam Wexler **03-2100-EEB** |
| Attorneys (Firm Name, Address, & Telephone) Terry Ehrlich, #13213 7596 West Jewell, #305 Lakewood, CO 80302 No Attorney: (X) 13213 | Attorneys (if known) Barton S. Balis 728 Pearl Street Boulder, CO 80302 No Attorney: ( ) |

Party (check one box only): [ ] 1. U.S. Plaintiff; [ ] 2. U.S. Defendant; [ ] 3. U.S. Not a Party

Cause of Action (write a brief statement of cause of action, including all U.S. statutes involved):
objection to discharge of debt 11 USC Section 523

Nature of Suit (check only the one most appropriate box)

[ ] 424 Object to or revoke a discharge 11 U.S.C. § 727
[X] 426 Determine the dischargeability of a debt 11 U.S.C. § 523
[ ] 434 Obtain an injunction or other equitable relief
[ ] 435 Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
[ ] 454 Recover Money or Property
[ ] 455 Revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
[ ] 456 Obtain a declaratory judgment relating to any of the foregoing causes of action
[ ] 457 Subordinate any allowed claim or interest except where such subordination is provided in a plan
[ ] 458 Obtain approval for the sale of both the interest of the estate and of a co-owner in property
[ ] 459 Determine a claim or cause of action removed to a bankruptcy court
[ ] 498 Other (Specify)

Origin of Proceedings (check one box only): 1. [X] Original; 2. [ ] Removed; 4. [ ] Reinstated or Reopened; 5. [ ] Transferred from Another Bankruptcy Court

[ ] Check if this is a class action under F.R.Civ.P. 23

| Demand | Nearest Thousand $ ,000.00 | Other Relief Sought nondischargeability of debt | [ ] Jury Demand |
|---|---|---|---|

Bankruptcy Case In Which This Adversary Proceeding Arises

| Name of Debtor(s) Paul Adam Wexler | Bankruptcy Case No. 03-27669 SBB |
|---|---|
| District in which Case is Pending Colorado | Divisional Office | Name of Judge Judge Brooks |

Related Adversary Proceeding (if any)

| Plaintiff | Defendant | Adversary Proceeding No. |
|---|---|---|
| District in which Case is Pending | Divisional Office | Name of Judge |

Filing Fee (check one box only): [X] Fee attached; [ ] Fee not required; [ ] Fee is deferred

| Date 12/8/03 | Name (print) Terry Ehrlich | Signature of Attorney (or Plaintiff) Terry Ehrlich |
|---|---|---|